IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:08-cr-25(DCB)(JCS)
                                       CIVIL NO. 5:11-cv-6(DCB)

WILLIAM HILLMAN, JR.                                          DEFENDANT

ORDER

This cause is before the Court on the defendant's motion to voluntarily dismiss his petition to vacate under 28 U.S.C. §2255 **(docket entry 54)**. Having carefully considered the motion and the government's response, the Court finds as follows:

On January 24, 2010, following a plea of guilty, the defendant was convicted of two counts of wire fraud in violation of 18 U.S.C. § 1343, and sentenced to concurrent terms of 35 months imprisonment to be followed by three years of supervised release. The Judgment was entered on February 1, 2010. Hillman did not appeal his conviction or sentence.

On January 26, 2011, Hillman filed the presently pending Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Following the disposition of two preliminary motions, the government filed a preliminary response on January 13, 2012. On March 26, 2012, the defendant filed a motion stating that he had not received the government's response and requesting a copy of same as well as additional time to file a reply brief. The government thereafter furnished an additional copy of its response to the defendant, and on May 4, 2012, an Order was entered

granting the defendant 20 days, i.e. until May 24, 2012, to file a reply to the government's preliminary response.  To date, the defendant has not filed a reply brief.  The Court also entered an Order requiring Hillman's former trial counsel to file an affidavit responding to the allegations of ineffective assistance of counsel.  As set forth more fully below, the Court finds that the requirement of the affidavit should be suspended pending the disposition of Hillman's motion for voluntary dismissal of his § 2255 motion.

"An action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1).  Because the government has filed a preliminary response in opposition to the defendant's § 2255 motion, dismissal is not proper under Rule 41(a)(1) without a stipulation of dismissal signed by all parties.  No such stipulation has been filed.

Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).  The Court therefore treats the defendant's motion as one for dismissal under Rule 41(a)(2).

The government's response indicates that it has no objection

to the voluntary dismissal; however, since the defendant is proceeding pro se, the Court is compelled to inform him of certain consequences of a voluntary dismissal. See Thai v. United States, 391 F.3d 491, 495 (2nd Cir. 2004)(citing Castro v. United States, 540 U.S. 375 (2003)). First of all, the defendant appears to base his motion on a belief that his release from prison would render "moot" his pending § 2255 motion to vacate. This is not correct. See United States v. Camargo, 119 Fed.Appx. 670, 671 (5th Cir. 2005)(as long as defendant is still serving his term of supervised release, Article III's "case or controversy" requirement is met for purposes of a § 2255 motion). The Court is also required to point out that although Hillman's voluntary dismissal would be "without prejudice," any attempt to file a subsequent § 2255 motion would likely be barred by the one-year period of limitations, with the one-year period generally running from the date the defendant's conviction became final. See 28 U.S.C. § 2255(f).

Finally, the defendant should understand that by raising ineffective assistance of counsel in his § 2255 motion, he waived the attorney-client privilege; however, if he dismisses his § 2255 motion, that privilege will remain intact. Accordingly, the Court shall suspend its requirement that Hillman's former trial counsel file an affidavit in this matter, until further notice.

Accordingly,

IT IS HEREBY ORDERED that the defendant, William Hillman, Jr.,

shall have fourteen (14) days from the date of entry of this Order to inform the Court whether or not he wishes to voluntarily dismiss his § 2255 motion; in the alternative, the defendant may wish to contact the U.S. Attorney's office regarding a stipulation of dismissal.  If the Court does not hear from the defendant, it will assume that he does not wish to withdraw his motion for voluntary dismissal;

FURTHER ORDERED that the U.S. Attorney's office is requested to notify defendant's former counsel, Thomas E. Royals, Esq., that the affidavit concerning defendant's ineffective assistance of counsel claim, requested in this Court's Order of June 18, 2012, should not be filed, pending further order of this Court.  Because of the pending motion for voluntary dismissal, the Court assumes that Hillman wishes to preserve the attorney-client privilege.

SO ORDERED, this the 12th day of July, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE